IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GEORGE BONGIORNO, Administrator of  :
the Estate of BRIAN BONGIORNO,      :
                                    :
    Plaintiff,                      :   Civil Action No. 05-198 (Erie)
v.                                  :
                                    :
SSB MASCHINENBAUM GMBH,             :
                                    :
    Defendant.                      :

### DEFENDANT SSB MASCHINENBAUM GMBH'S
### ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

### ANSWER

Defendant SSB Maschinenbaum GMBH ("SSB"), by and through its attorneys, hereby submits the following Answer and Affirmative Defenses to Plaintiff's Complaint and in support thereof respectfully states as follows:

1. After reasonable investigation, SSB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the complaint and therefore denies those allegations.

2. SSB admits the allegations contained in paragraph 2 of the complaint.

3. SSB admits the allegations contained in paragraph 3 of the complaint.

4. SSB admits only that it manufactured machine type 3VDZ20-11-L CNC. SSB is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 4 of the complaint and therefore denies those allegations.

5. SSB admits only that it manufactured the machine which was sold ultimately to Accuride. SSB is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 5 and therefore denies those allegations.

6. SSB admits only that the machine is operated by use of an electric motor and is used to spin form rough tire rims of aluminum into finished tire rims used by 18 wheel tractor-trailers. SSB denies the remaining allegations in paragraph 6 as stated.

7. After reasonable investigation, SSB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the complaint and therefore denies those allegations.

8. After reasonable investigation, SSB is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the complaint and therefore denies those allegations.

9. Some portions of the allegations contained in paragraph 9 constitute conclusions of law to which no response is required. By way of further response, after reasonable investigation, SSB is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 of the complaint and therefore denies those allegations.

10. The allegations contained in paragraph 10 constitute conclusions of law to which no response is required.

### COUNT ONE: WRONGFUL DEATH - GEORGE BONGIORNO, ADMINISTRATOR OF THE ESTATE OF BRIAN BONGIORNO V. SSB MASCHINENBAUM GMBH

11. SSB incorporates by reference its responses to Paragraphs 1-10 as if set forth here in full.

12. The allegations contained in paragraph 12 constitute conclusions of law to which no response is required.

WHEREFORE, SSB denies that the plaintiff is entitled to the requested relief and asks the Court to enter judgment in favor of SSB.

### COUNT TWO:  SURVIVAL ACTION-GEORGE BONGIORNO, ADMINISTRATOR OF THE ESTATE OF BRIAN BONGIORNO V. SSB MASCHINENBAUM GMBH

13. SSB incorporates by reference its responses to Paragraphs 1 through 12 as if set forth here in full.

14. The allegations contained in paragraph 14 constitute conclusions of law to which no response is required.

WHEREFORE, SSB denies that the plaintiff is entitled to the requested relief and asks the Court to enter judgment in favor of SSB.

### DEMAND FOR JURY TRIAL

SSB demands a trial by jury of all claims triable as of right by jury.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

The claims asserted against SSB fail to state a claim upon which relief can be granted.

#### Second Affirmative Defense

The claims asserted against SSB are barred, in whole or in part, by the applicable statute(s) of limitation and/or statute(s) of repose.

#### Third Affirmative Defense

The claims asserted against SSB are barred, in whole or in part, because the Court lacks personal and/or subject matter jurisdiction over SSB, a foreign corporation.

#### Fourth Affirmative Defense

The claims asserted against SSB are barred, in whole or in part, because they were brought in an improper venue.

### Fifth Affirmative Defense

The claims against SSB are barred in whole or in part because of equity and the equitable principles at issue.

### Sixth Affirmative Defense

The claims against SSB are barred, in whole or in part, by the doctrines of waiver estoppel, laches, and/or release.

### Seventh Affirmative Defense

The claims asserted against SSB are barred, in whole or in part, because if plaintiff's decedent used SSB's machine, the machine was used for a purpose, in a manner, or in an activity contrary to express adequate instructions or warnings provided to plaintiff's decedent, and/or appearing on or attached to the machine or on its original container. Alternatively, the absence of warnings on the machine, which SSB denies, did not make the machine defective and unreasonably dangerous, nor did it lead to reliance by the plaintiff's decedent or his employer.

### Eighth Affirmative Defense

The claims asserted against SSB are barred, in whole or in part, because SSB did not exercise control or dominion over the machine, its maintenance, or the actions of third parties relating to the machine before or leading up to the accident at issue.

### Ninth Affirmative Defense

SSB alleges that plaintiff's decedent and/or others put the machine manufactured by SSB to an abnormal use, by reason of which plaintiff is barred or reduced from recovery herein.

### Tenth Affirmative Defense

Any product allegedly manufactured or sold by SSB as described in the complaint was altered or changed in some manner after it left the custody and possession of SSB.

### Eleventh Affirmative Defense

The claims asserted against SSB are barred, in whole or in part, because the acts of which plaintiff complains were the non-delegable duties of the employer to provide a safe workplace.

### Twelfth Affirmative Defense

The claims asserted against SSB are barred, in whole or in part, because SSB owed no duty to plaintiff or plaintiff's decedent.

### Thirteenth Affirmative Defense

The claims asserted against SSB are barred, in whole or in part, because the injuries alleged were the result of plaintiff's decedent's comparative negligence, contributory negligence and/or assumption of risk.

### Fourteenth Affirmative Defense

The claims asserted against SSB are barred, in whole or in part, because plaintiff's decedent freely and voluntarily assumed risks that proximately caused his alleged injuries and damages, if any.

### Fifteenth Affirmative Defense

The claims asserted against SSB are barred, in whole or in part, because plaintiff's decedent's own negligence proximately caused or contributed to his alleged injuries and damages. Plaintiff's claims are further barred, in whole or in part, by the doctrine of comparative negligence or alternatively, any awards to plaintiff should be reduced by the percentage of his decedent's negligence.

### Sixteenth Affirmative defense

The claims asserted against SSB are barred, in whole or in part, because any harm sustained by plaintiff or plaintiff's decedent was caused by the unforeseeable, superseding and/or intervening acts of a third party, over which SSB had no responsibility or control.

### Seventeenth Affirmative Defense

The claims asserted against SSB are barred, in whole or in part, for all the reasons set forth in SSB's responsive pleading, which is incorporated herein by reference.

### Eighteenth Affirmative Defense

At all times alleged in the complaint with respect to the injury, plaintiff was acting and working in employment covered by the provisions of the Pennsylvania Worker's Compensation Act. Plaintiff's remedies under that Act are exclusive and preclude plaintiff from maintaining any of the causes of action alleged in the complaint.

### Nineteenth Affirmative Defense

The claims asserted against SSB are barred, in whole or in part, because plaintiff's employer was a sophisticated user and/or learned intermediary with the result that any duty of SSB to warn of any danger incident to use, exposure or installation of the products (the existence of such duty is denied) was discharged by that employer's intervening duties to give plaintiff's decedent all required warnings.

### Twentieth Affirmative Defense

The claims asserted against SSB are barred, in whole or in part, because plaintiff failed to join parties indispensable to the adjudication of the issues raised by the complaint.

### Twenty-First Affirmative Defense

The claims against SSB are barred, in whole or in part, as to any failure to warn or inadequacy of warning because, upon information and belief, at all times pertinent to plaintiff's

claims, plaintiff's decedent was in possession of, or should have had possession of, good and adequate knowledge which negated any need for said warning and/or plaintiff's decedent was required to follow specific written safety procedures as established by plaintiff's employers which negated the need or requirement for any such warning.

### Twenty-Second Affirmative Defense

The claims asserted against SSB are barred, in whole or in part, because plaintiff's decedent, and/or plaintiff's decedent's employer and/or the premises owners where plaintiff's decedent worked, violated various provisions of the Williams-Steiger Occupational Safety and Health Act of 1970 and its accompanying regulations, as well as Pennsylvania's law adopting the Occupational Safety and Health Act and its regulations, and said violations were the sole cause, or in the alternative, the proximate cause, of plaintiff's decedent's injuries.

### Twenty-Third Affirmative Defense

The claims against SSB are barred, in whole or in part, as to any failure to warn or inadequacy of warning because, upon information and belief, at all times pertinent to plaintiff's claims, plaintiff's decedent was in possession of, or should have had possession of, good and adequate knowledge which negated any need for said warning and/or plaintiff was required to follow specific written safety procedures as established by OSHA, which negated the need or requirement for any such warning.

### Twenty-Fourth Affirmative Defense

At all times material hereto, the state of the industrial art was such that there were no generally accepted or recognized knowledge of any unavoidably unsafe, inherently dangerous, hazardous or defective character, or nature of the machine at issue, when used in the manner and for the purposes intended so that there was no duty by SSB to know of such character or nature, or to warn plaintiff's decedent or others similarly situated.

### Twenty-Fifth Affirmative Defense

SSB alleges that, if plaintiff and/or plaintiff's decedent sustained injuries and damages, such injuries and damages are due to the intentional and/or negligent acts of fellow servants engaged in the course of common employment with plaintiff's decedent, and such intentional negligent acts of his fellow servants and/or employer bars this action.

### Twenty-Sixth Affirmative Defense

The claims against SSB are barred, in whole or in part, because, upon information and belief, plaintiff failed to mitigate his damages, if any, as required by law.

### Twenty-Seventh Affirmative Defense

The claims against SSB are barred, in whole or in part, because the alleged injury of which plaintiff complains was proximately caused or contributed to by persons or entities other than SSB.

### Twenty-Eighth Affirmative Defense

SSB furnished the machine to which plaintiff's decedent was exposed in strict conformity to the specifications provided by plaintiff's decedent's employer.

### Twenty-Ninth Affirmative Defense

The claims against SSB are barred, in whole or in part, because SSB was not negligent, did not furnish a defective and/or unreasonably dangerous product, and did not make or breach any express or implied warranties.

### Thirtieth Affirmative Defense

With respect to any and all allegations in the complaint claiming damages for medical, hospital, and/or nursing care expenses, SSB denies that plaintiff is entitled to recover any such amounts which were paid by insurance carriers not named, and further, alleges that such insurance carriers are indispensable parties to this action because of subrogation by contract

or subrogation by operation of law; that by reason of the failure to joint such insurance carriers, plaintiff is not entitled to recover any such expenses.

### Thirty-First Affirmative Defense

The claims asserted against SSB are barred, in whole or in part, because any product manufactured, sold or supplied by SSB was not defective or unreasonably dangerous in that it complied, at all relevant times, with all applicable government safety standards.

### Thirty-Second Affirmative Defense

SSB's compliance with all international and/or federal laws and regulations preempts plaintiff's claims.

### Thirty-Third Affirmative Defense

SSB affirmatively sets forth that they did not act with a conscious, subjective or deliberate intention to produce the specific respective injuries alleged by the plaintiff.

### Thirty-Fourth Affirmative Defense

The claims asserted against SSB are barred, in whole or in part, because plaintiff's alleged damages are speculative, and in many instances, are unavailable to him as a matter of law.

### Thirty-Fifth Affirmative Defense

SSB denies any and all liability to plaintiff. However, if SSB is found liable to plaintiff for damages, which is denied, then SSB is entitled to a credit or off-set for any and all amounts received or recoverable by the plaintiff.

### Thirty-Sixth Affirmative Defense

If SSB is found to be liable to plaintiff for any injuries and damages, SSB is entitled to contribution and/or indemnification from any other party found or admitted to be jointly liable.

PII-1127787v1

### Thirty-Seventh Affirmative Defense

The claims asserted against SSB are barred, in whole or in part, by the doctrine of joint and several liability and/or because SSB is entitled to an allocation of fault.

### Thirty-Eighth Affirmative Defense

To the extent that plaintiff seeks to recover punitive damages, such damages are violate the Constitution of the United States, the Constitution of the State of Pennsylvania, and international laws.

### Thirty-Ninth Affirmative Defense

The claims asserted against SSB are barred, in whole or in part, because they violate the Hague Convention.

### Fortieth Affirmative Defense

Because of the generality of the allegations in the complaint, SSB reserves the right to amend its answer and affirmative defenses if investigation, discovery and further information should warrant such amendment, and, further, to assert any applicable matters of law during the pendency of this action.

WHEREFORE, Defendant SSB respectfully requests that this Court enter judgment in its favor and against plaintiff on each count of the complaint and to award costs and expenses and any other relief the Court deems just and proper.

Respectfully submitted,

*[signature]*

John D. Goetz (Pa. ID No. 47759)
Dana Baiocco (Pa. ID No. 81187)

JONES DAY
One Mellon Center, 31st Floor
Pittsburgh, PA 15219
Telephone: (412) 391-3939
Fax: (412) 394-7959

***Attorneys for Defendant SSB Maschinenbaum GMBH***

Dated: October 17, 2005

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Defendant SSB Maschinenbaum GMBH's Answer and Affirmative Defenses to Plaintiff's Complaint was served this 17th day of October, 2005, via first class U.S. Mail, postage prepaid, upon counsel of record as follows:

> John M. Bonanti, Esq.
> BERNARD STUCZYNSKI & BONANTI
> 234 West Sixth Street
> Erie, PA  16570-1319

_____